## McGarr v. McGarr et al.

284

*Hiram M. Drake*, for plaintiff.

*Roger B. Johnson*, for defendants.

McKay, J., March 8, 1954.—This is a petition to strike off a judgment, to which a preliminary objection in the nature of a demurrer was filed. The parties are brothers and sister.

Plaintiff, Alfred E. McGarr, on July 15, 1932, entered a judgment against G. E. McGarr and Helen E. Alter in the Court of Common Pleas of Mercer County at June term, 1932, no. 426, in the amount of $1,369.20. On May 27, 1952, plaintiff filed a praecipe for a scire facias to revive the judgment and on the same date the scire facias issued. It was not served, the sheriff making a return of non est inventus on November 6, 1952.

On July 21, 1952, plaintiff filed a statement of claim with notice to file an affidavit of defense within 15 days of service. This procedure is required by Mercer County Rule 47, sections 1 and 2, which provide:

"Section 1. STATEMENT OF CLAIM. In actions of Scire Facias on ............... domestic judgments ............... the plaintiff shall file a statement of claim duly verified, containing material facts constituting the basis of his claim, and stating the

amount he verily believes to be due from the defendant. The statement of claim shall be endorsed with a notice similar to that required by Paragraph 10 of the Practice Act of 1915, shall conform with the requirements thereof as far as adaptable, and shall be served upon the defendant or his attorney.

"Section 2 provides for the filing of an affidavit of defense within 15 days after date of service of the statement of claim."

The statement of claim was served upon one of the defendants only, Helen E. Alter, who filed an affidavit of defense thereto on November 25, 1952, denying that any amount was due by defendants, or either of them, to plaintiff. The affidavit of defense did not purport, however, to be filed on behalf of both of the defendants nor does it appear that the other defendant, G. E. McGarr, ever took any action or entered any appearance in the case.

On December 9, 1952, plaintiff filed a motion for judgment against defendant, Helen E. Alter, for want of a sufficient affidavit of defense.

On May 4, 1953, the court, Rowley, J., filed an opinion and order decreeing that judgment be entered in favor of plaintiff and "against *defendants* in the amount of $3,147.78". Attached thereto was an exception drawn according to the custom of opinions in this county, which read:

"Exception

"And now, May 4, 1953, to the foregoing order of court counsel for defendants except, and, eo die, a bill of exceptions is sealed for defendants. Geo. H. Rowley, P. J. (Seal)."

There is nothing on the record to show that Roger B. Johnson, the attorney for Helen E. Alter, filed any exception on behalf of both defendants or purported to represent both defendants at any stage of the proceedings.

On May 27, 1953, at the same term as the order, Roger B. Johnson, attorney for Helen E. Alter, filed a petition on her behalf in which he asked as follows:

"(a) That the judgment against G. E. McGarr as well as the judgment against Helen E. Alter be stricken from the record;

"(b) That the record be amended to show that G. E. McGarr was not represented by counsel, and that it be made to affirmatively appear in all respects that Roger B. Johnson, Esq., appeared for and represented only the interest of Helen E. Alter, one of the defendants;

"(c) That the exception to the court's decree of May 4, 1953, be amended to show an exception by counsel for Helen E. McGarr Alter only, to the entry of judgment against both defendants, for the reason that Roger B. Johnson, Esq., does not represent G. E. McGarr and has not represented G. E. McGarr in this case;

"(d) That the judgments be stricken from the record for the reason that service of the writ was not effected before the return day thereof, namely, the first Monday of September, 1952, but was made November 6, 1952."

On June 5, 1953, plaintiff by his attorney filed a preliminary objection demurring to the petition, for the following reasons:

"(1) The petition does not state a legal cause of action as the matters therein contained are res adjudicata between the parties after personal service of the plaintiff's statement of claim, the said defendant's affidavit of defense and the plaintiff's motion for judgment for want of a sufficient affidavit of defense.

"(2) The plaintiff, Alfred E. McGarr, is and was at the time of the entry of the judgment, entitled to a judgment against the defendant G. E. McGarr, for want of his appearance. However, the defendant,

Helen E. Alter, formerly Helen E. McGarr, cannot take advantage of any matters by way of defense which might be available to the said G. E. McGarr, individually;"

He then requested the court to discharge defendant's petition and the rule granted thereon.

It would seem clear that the judgment against G. E. McGarr should be stricken from the record, inasmuch as it was entered by the court upon a motion for judgment against Helen E. Alter alone, on the ground that her affidavit of defense was insufficient. As we have noted above, the affidavit of defense did not purport to be a joint affidavit of defense to the statement of claim and, in fact, the statement of claim was never served upon G. E. McGarr, the other defendant. The court in entering judgment did not specify G. E. McGarr personally but merely used the word "defendants". This was probably an inadvertence. Accordingly, the record should be amended so that the judgment for want of a sufficient affidavit of defense will be against Helen E. Alter only.

It is contended that the judgment against defendant Helen E. Alter should also be stricken from the record for the reason that in the case of two or more joint defendants, no revival is effectual against any such defendants or their real property unless all such joint defendants are made parties to the scire facias proceedings: Act of July 3, 1947, P. L. 1234, sec. 3(b), 12 PS §879. It may be noted, however, that in this case both of the defendants were made parties to the scire facias proceedings. G. E. McGarr was named as a defendant to the scire facias as well as to the Statement of Claim filed in connection with it. He was, therefore, made a party to the proceedings. The fact that plaintiff was not able to obtain service upon the one defendant is no reason for striking off the judgment obtained against the other, who was served.

It may well be that until judgment is obtained against G. E. McGarr, the revival proceedings of the original judgment will not have been completed, but this is no reason to strike off the judgment which has been validly obtained.

It is contended further that the judgment as against both defendants should be stricken from the record for the reason that service of the writ was not effected before the return day thereof. In our opinion this contention is without merit, for defendant, Helen E. McGarr, has seen fit to file an affidavit of defense to the statement of claim accompanying the scire facias and thereby has brought herself within the jurisdiction of the court to the extent necessary to establish the validity of a judgment entered for want of a sufficient affidavit of defense.

As requested by petitioners, the exception to the court's decree should likewise be amended to designate Helen E. Alter as the only defendant who took an exception.

The contention that the record should be amended to show that G. E. McGarr was not represented by counsel and that Mr. Johnson represented only defendant Helen E. Alter, is without merit; the record must speak for itself in this respect. However, we do not understand that it is contended by any of the parties that defendant, G. E. McGarr, was represented by Mr. Johnson or that the record does so show.

## Order

Now, March 8, 1954, after argument, it is ordered that the order of court entered May 4, 1953, in the above matter, and the exception thereto, be amended so that the word "defendants" shall read "the defendant Helen E. Alter"; and that to the extent that the judgment entered pursuant to said order includes G. E. McGarr, the same be stricken from the record.